UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DIE K. BLAISE,**

      **Plaintiff,**

v.                                                  Case No: 6:16-cv-1124-Orl-41TBS

**CENTRAL INTELLIGENCE AGENCY (CIA), DEFENSE INTELLIGENCE AGENCY (DIA), NATIONAL SECURITY AGENCY (NSA), FEDERAL BUREAU OF INVESTIGATION (FBI), DRUG ENFORCEMENT AGENCY (DEA), RICHARD BURR and PAUL D. RYAN,**

      **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying ("Motion to Proceed," Doc. 2) and Plaintiff's combined Motion to Amend, Amended Complaint, and Motion to Cease Mind Control Activity (Doc. 6). United States Magistrate Judge Thomas B. Smith submitted a Report and Recommendation ("R&R," Doc. 7), in which he recommends that the Motion to Proceed be denied, the Motion to Cease Mind Control Activity be denied, and the Amended Complaint (Doc. 6)[1] be dismissed without prejudice. Plaintiff filed an Objection (Doc. 8).

After a *de novo* review of the record, the Court agrees with the analysis in the R&R. The Court further finds that, to the extent Plaintiff clarifies his claims by way of his Objection, his

---

[1] Although it is filed as a Motion to Amend, Plaintiff was already given leave to file an amended pleading. (June 29, 2016 Order, Doc. 3, at 3). Thus, the Court will deny the Motion to Amend as moot and will treat the filing as an Amended Complaint.

claims are still due to be dismissed. With respect to Count I, based on Plaintiff's Objection, it appears it was his intention to bring a claim for violation of his Fourth Amendment right against an unlawful search. However, Plaintiff has failed to plead sufficient detail to plausibly allege that an unlawful search occurred. Furthermore, Plaintiff only alleges that the "[i]ntruder . . . appear[ed] to be a law enforcement" officer, (Doc. 6 at 4), but fails to specify with what department or how the purported intruder was connected in any way to a named Defendant. Thus, Plaintiff has failed to state a claim in Count I. As to Count II, based on evidence submitted with Plaintiff's Objection, the Court believes that Plaintiff is attempting to bring a claim for violation of Federal Rule of Criminal Procedure 41, outlining procedures for searches and seizures. However, there is no independent cause of action for violation of Rule 41. *See Black v. Mt. Pleasant Tenn. Police Dep't*, No. 1-14-00087, 2015 WL 4459158, at *9 (M.D. Tenn. July 20, 2015).

Counts III, IV, and VII, appear to be an attempt to assert claims under the Foreign Intelligence Surveillance Act, 50 U.S.C. § 1801 *et seq.* Although the Act does provide a private cause of action, *see* 50 U.S.C. § 1810, Plaintiff is required to comply with the procedures set forth in 18 U.S.C. § 2712 in order to bring such a claim. As relevant here, "[a]ny action against the United States . . . may be commenced only after a claim is presented to the appropriate department or agency under the procedures of the Federal Tort Claims Act." *Id.* § 2712(b)(1). Plaintiff has not alleged that he first submitted his claim to the appropriate agency or agencies or that he has exhausted his administrative remedies prior to bringing this suit. Therefore, Counts III, IV, and VII must be dismissed. *See Iqbal v. F.B.I.*, No. 3:11-cv-369-J-37JBT, 2012 WL 2366634, at *6 (M.D. Fla. June 21, 2012).

To the extent Plaintiff objects to the dismissal of Count V, as set forth in the R&R, pursuant to 18 U.S.C. § 2520, there is no private right of action against the United States for alleged

violations of the Federal Wiretap Act, including officials sued in their official capacity. *See Loadholt v. Obama*, No. 2:13-cv-2607-MCE-EFB PS, 2015 WL 848549, at *3 n.5 (E.D. Cal. Feb. 26, 2015). Finally, Plaintiff has still failed to establish any private right of action under 18 U.S.C. § 2242 or 18 U.S.C. § 1513, both of which are federal criminal statutes, and therefore, Counts VI and VIII also fail to state cognizable causes of action.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 7) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff's Application to Proceed in District Court Without Prepaying (Doc. 2) is **DENIED**.

3. The combined Motion to Amend and Motion to Cease Mind Control Activity (Doc. 6) is **DENIED**.

4. The Amended Complaint (Doc. 6) is **DISMISSED without prejudice**. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on December 30, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party