UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIE K. BLAISE,

    Plaintiff,

v.                                    Case No: 6:16-cv-1124-Orl-41TBS

CENTRAL INTELLIGENCE AGENCY
(CIA), DEFENSE INTELLIGENCE
AGENCY (DIA), NATIONAL SECURITY
AGENCY (NSA), FEDERAL BUREAU OF
INVESTIGATION (FBI), DRUG
ENFORCEMENT AGENCY (DEA),
RICHARD BURR and PAUL D. RYAN,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* (Doc. 13) is pending before this Court. Upon due consideration, I respectfully recommend that the motion be **DENIED**.

### I. Background

On June 27, 2016, Plaintiff filed his complaint alleging that several government agencies that are part of the "US Intelligence Community," including the CIA, FBI and DEA, have conspired to commit "nationwide human right violation, abuse, intimidation, murder attempt and infliction of human body injury" (Doc. 1 at 2). Plaintiff complained that he has been the subject of illegal surveillance and electromagnetic torture at the hands of the government. His complaint prayed for $30 million as redress for Defendants' negligence and failure to investigate his previous complaints (Count I), health injury by direct electronic weapon (Count II), as well as civil rights violations consisting of (a) "cyber

harassment including job search interference" and (b) mishandling of mail (Count III). Along with his complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* (Doc. 2). After reading Plaintiff's complaint I entered an Order carrying his motion and gave him 21 days to amend his pleading (Doc. 3). In my Order, I advised Plaintiff of the following deficiencies in his complaint:

> The complaint fails to state any cause of action upon which relief could be granted. None of Plaintiff's allegations sound in federal law, nor has he established any legal (i.e. statutory) basis for this Court's jurisdiction over his claims. His complaint is also deficient because it does not aver pertinent facts in numbered paragraphs, in violation of FED. R. CIV. P. 8(a) and 10(b) (Doc.1).

(Id. at 3).

Plaintiff objected to my conclusions and initially requested that I recuse myself from the case so that he could obtain a fair trial (Doc. 4 at 4-5). On July 7, 2016, I denied the motion for recusal after finding that Plaintiff's grounds were legally insufficient (Doc. 5 at 6). On July 19, 2016, Plaintiff filed a paper which was a combined motion to amend his complaint, the amended complaint, and a motion to cease mind control activity (Doc. 6). On July 25, 2016, I recommended that the motion to proceed in district court be denied and the case be dismissed based on the deficiencies in the amended complaint (Doc. 7).

The district judge adopted my report and recommendation, dismissed the case without prejudice, and closed the case file on December 30, 2016 (Doc. 9). On January 26, 2017 (and again on February 3, 2017), Plaintiff filed a Notice of Appeal (Docs. 10 and 12). Plaintiff filed the pending motion on February 15, 2017 (Doc. 13).

## II. Discussion

Section 1915(a)(3) states that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard

is an objective standard. See Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. The law "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

An appellant satisfies the requirement that his appeal be taken in good faith when he asks the appellate court to review an issue that is not frivolous. Howard v. King, 707 F.2d 215, 220-21 (5th Cir. 1983). "The inquiry is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" Id. at 220 (quoting Anders v. California, 386 U.S. 738 (1967); Woodall v. Foti, 648 F.2d 268, 271 (5th Cir. 1982)). A lawsuit is frivolous if "'the plaintiff's realistic chances of ultimate success are slight.'" Brett v. Baker, Case No: 6:16-cv-667-Orl-37TBS, 2016 WL 2731626, at *2 (M.D. Fla. April 22, 2016) (citing Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990)). An appeal that has no substantive merit is not taken in good faith. Lopez v. U.S., No. 13-00325-KD-B, 2014 WL 2873171, at *7 (M.D. Fla. June 24, 2014); Hunter v. Easterling, Civil Action No. 1:10-cv-302-ID, 2010 WL 3283366, at *1 (M.D. Ala. Aug. 18, 2010). Plaintiff has not brought to the Court's attention, any law or facts to suggest that the deficiencies in his complaint have been cured or that he has a legally cognizable claim. Accordingly, it is respectfully recommended that the district court **deny** Plaintiff's motion and **certify** that his appeal in this case is not taken in good faith.

### III. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on February 24, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Pro se Plaintiff

- 4 -